IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| G.L. McLEOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07 CV 435 -1D |
| | ) |
| GPC, Inc. a foreign corporation doing | ) |
| business in Alabama under the name of | ) |
| NAPA and GENUINE PARTS | ) |
| COMPANY, Inc., a foreign corporation | ) |
| doing business in Alabama under the | ) |
| name of NAPA, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446 defendants GPC, Inc. and Genuine Parts Company, Inc. (collectively "Defendants") hereby file this Notice of Removal of this case from the Circuit Court of Crenshaw County, Alabama, Case No. CV-07-, where it is currently pending, to the United States District Court for the Middle District of Alabama, Northern Division. This case is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims invoke the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, and also pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendants respectfully show the Court as follows:

1.  G.L. McLeod ("Plaintiff") instituted this civil action in the Circuit Court of Crenshaw County, Alabama, on March 19, 2007. Defendants were served by certified mail

on May 3, 2007 and received a copy of the Complaint on May 4, 2007. A true and correct copy of all process, pleadings and orders as served upon Defendants are attached hereto as Exhibit "A" and are incorporated herein by reference.

2. This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiff explicitly seeks to recover benefits under an ERISA-governed benefit plan sponsored by Defendants. This Court also has original jurisdiction under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3. This Notice of Removal is filed within thirty (30) days after receipt by any Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

4. The United States District Court for the Middle District of Alabama, Northern Division, is a federal judicial district embracing the Circuit Court of Crenshaw County, Alabama, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 81(b)(1) and § 1441(a).

## **FEDERAL QUESTION**

5. Plaintiff was formerly employed by Defendants or a subsidiary of Defendants and was a participant in an employee pension plan sponsored by Defendants. See 29 U.S.C. § 1001, *et seq.* Plaintiff alleges that Defendants erroneously calculated his pension benefits under the plan. In his Complaint, Plaintiff expressly seeks an increase in pension benefit payments due under the plan. (Compl., p. 2.)

6. The Supreme Court has recognized that the comprehensive remedial scheme established by ERISA, 29 U.S.C. § 1001, *et seq.*, for loss or denial of employee benefits is

one area where Congress intended to provide for complete or super preemption of state law claims. See Pilot Life Ins. Co. v. Dedeaux, 481 U. S. 41, 48 (1987), Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 64-67 (1987). Because Plaintiff seeks a declaration that he is entitled to greater pension benefits and/or seeks to clarify his rights to future benefits under an employee pension plan sponsored by Defendants, this civil action is one over which this Court has original and/or exclusive jurisdiction and it is one that may be removed to this Court by Defendants. The District Courts of the United States have original and/or exclusive jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. § 1331.

## DIVERSITY OF CITIZENSHIP

7. This Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

8. Plaintiff G.L. McLeod is a citizen of the State of Alabama. (Compl., p. 1.)

9. Defendant GPC, Inc. ("GPC") is and was a Georgia corporation with its principal place of business in the State of Georgia, both at the time of filing the suit and at the time of removal. Pursuant to 28 U.S.C. §1332(c)(1), GPC is a citizen of the State of Georgia.

10. Defendant Genuine Parts Company, Inc.'s ("Genuine Parts") is and was a Georgia corporation with its principal place of business in the state of Georgia, both at the time of the filing of the suit and at the time of removal. Pursuant to 28 U.S.C. §1332(c)(1), Genuine Parts is a citizen of the State of Georgia.

11. Diversity of citizenship is present because Plaintiff is a resident of Alabama

and no properly named and served defendant in this case is a resident of Alabama.

## AMOUNT IN CONTROVERSY

12. Based on Plaintiff's claims Defendants believe the amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiff seeks pension payments in the amount of $710.00 per month but does not specify the total amount of damages sought. (See Compl., p. 2.)

13. In order to meet the $75,000 jurisdictional threshold in a case with an unspecified claim for damages, Defendants need show only that "the amount in controversy more likely than not exceeds the [now $75,000] jurisdictional requirement." Tapscott v. MS Dealer Serv., 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds by Office Depot v. Cohen, 204 F.3d 1069 (11th Cir. 2000); Kilpatrick v. Martin K. Eby Constr. Co., Inc., 708 F. Supp. 1241, 1242-43 (N.D. Ala. 1989) (holding that the "amount in controversy requirement has been met" even though "the State Court complaint does not demand judgment of a specified dollar amount"). In this case, Defendant can remove to federal court if it can show, by a preponderance of the evidence, facts supporting jurisdiction. Tapscott, 77 F.3d at 1357. A lower burden of proof is warranted where damages are unspecified, such as in the instant case, because there is simply no estimate of damages to which a court may defer. Id.

## MISCELLANEOUS

14. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Crenshaw County, Alabama, as provided by law, and written notice is being sent to Plaintiff's counsel.

15.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

16.     The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Alabama, and this cause is removable to the United States District Court for the Middle District of Alabama.

17.     If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this cause is removable. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).

**WHEREFORE, PREMISES CONSIDERED,** Defendants, by and through their counsel, desiring to remove this civil action to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division for the county in which such civil action is pending, pray that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Circuit Court of Crenshaw County, Alabama, shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted this 16th day of May, 2007.

*/s/ Robert F. Northcutt*
**ROBERT F. NORTHCUTT (NOR015)**
*ATTORNEY FOR DEFENDANTS*

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Telecopier: (334) 241-8282

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 16th day of May, 2007:

William R. King, Esq.
586 East Third Street
Luverne, AL 36049

_____
OF COUNSEL

IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

G. L. McLEOD,
    Plaintiff,

VS.
                          Case No. CV-07- 15

GPC, Inc., a foreign corporation
doing business in Alabama
under the name of NAPA and
GENUINE PARTS COMPANY, Inc.,
a foreign corporation doing
business in Alabama under the
name of NAPA,
    Defendants.



### COMPLAINT FOR DECLARATORY JUDGMENT

Comes not the Plaintiff in the above styled cause and would most respectfully show unto the Court as follows:

That the Plaintiff is an individual over the age of 19 years and that the Plaintiff resides in Crenshaw County, Alabama. That the Defendant, GPC, Inc., is believed to be Genuine Parts Company, Inc., and that one or both Defendants do business in Crenshaw County, Alabama, by and through the NAPA store in Luverne, Alabama. That there now exists a justiciable controversy between Plaintiff and Defendant or Defendants as to the amount of Plaintiff's monthly retirement benefits from Defendant or Defendants. For the purposes of this complaint, Defendant or Defendants will be referred to hereinafter as Defendant.

1. That the Plaintiff was an employee of the Defendant for a period of time that ended on 06-29-1986.
2. That according to a Statement of Benefits issued by Defendant on April 1, 1985, Defendant determined and stated that Plaintiff's monthly benefits from his Pension Plan with Defendant would be $710.00 as of October 1, 2006. In said statement, Defendant stated that Defendant would become fully vested in his Pension Plan benefits on June 22, 1985.

**EXHIBIT**

A

3. In April of 2006, Plaintiff received a Pension statement from Defendant dated 04-02-2006 stating that Plaintiff's last day of employment was 06-29-1986 and that Plaintiff would begin receiving benefits on 10-01-2006. The Statement further stated that Plaintiff's Vested Accrued Benefit was $253.33. In said Statement, Vested Accrued Benefit is later defined as monthly payments.
4. Plaintiff maintains that his Pension Plan Benefit with Defendant is $710.00 while Defendant maintains that said amount is $253.33, hence the controversy and issue.

The Premises considered, Plaintiff prays as follows:

1. That through the process of the Court the Defendant be made a party to this cause and be required to respond to the complaint above within the time allotted by law or suffer the consequences of its failure to do so.
2. That upon a hearing of the above Petition, the Court will find that the Plaintiff is entitled to monthly benefit payments in the amount of $710.00 per month under his Pension Plan with the Defendant.
3. The Plaintiff prays for such other, further or different relief as under the Premises he might be entitled.

_William R. King_, (signature)
William R. King,
Attorney for Plaintiff
586 East Third Street
Luverne, Alabama 36049
(334)335-3242

*recd GPCRegal*
*MAY 8 2007*
*C/N - Napa Birmingham*

AVS0350

ALABAMA JUDICIAL DATA CENTER
CRENSHAW COUNTY

SUMMONS

CV 2007 000015.00
H. EDWARD MCFERRIN

IN THE CIRCUIT COURT OF CRENSHAW COUNTY
GL MCLEOD VS GPC INC AND GENUINE PARTS INC

SERVE ON: (D001)
SSN: 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

GPC INC
C/O SCOTT BURGESS
701 N 39TH ST
BIRMINGHAM    ,AL    35222-0000

PLAINTIFF'S ATTORNEY
KING WILLIAM R
586 EAST THIRD STREET
LUVERNE    ,AL    36049-0000

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY(S) SHOWN ABOVE OR ATTACHED.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

( ) TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR 4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE: YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS ACTION UPON DEFENDANT.

(✓) THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 05/03/2007    CLERK: JEANNIE GIBSON
                    CIRCUIT CLERK
                    LUVERNE AL 36049
                    (334)335-6575

RETURN ON SERVICE:

( ) CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
    (RETURN RECEIPT HERETO ATTACHED)

( ) I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
    COMPLAINT TO _____
    IN _____ COUNTY, ALABAMA ON (DATE) _____

DATE _____    SERVER SIGNATURE _____

SERVER ADDRESS _____    TYPE OF PROCESS SERVER _____

OPERATOR: JUS
PREPARED: 05/03/2007