**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **G.L. McLEOD,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv435-ID |
| | ) |
| **GPC, Inc. a foreign corporation doing** | ) |
| **business in Alabama under the name of** | ) |
| **NAPA and GENUINE PARTS** | ) |
| **COMPANY, Inc., a foreign corporation** | ) |
| **doing business in Alabama under the** | ) |
| **name of NAPA,** | ) |
| | ) |
|       **Defendants.** | ) |

**JOINT MOTION TO STAY**

COME NOW G.L. McLeod ("Plaintiff") and Genuine Parts Company ("Defendant") and hereby jointly move the Court to stay Plaintiff's claims against Defendant, showing the Court as follows:

1. G.L. McLeod ("Plaintiff") instituted this civil action in the Circuit Court of Crenshaw County, Alabama, on March 19, 2007.

2. On May 16, 2007 Defendant removed this action to this Court on the grounds that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), and because there is complete diversity between the parties.

3. Plaintiff was formerly employed by Defendant or a subsidiary of Defendant and was a participant in an ERISA-governed employee pension plan (the "Plan") sponsored by Defendant. See 29 U.S.C. § 1001, *et seq.* Plaintiff alleges that

- 2 -

Defendant erroneously calculated his pension benefits under the Plan, and seeks an increase in pension benefit payments due under the Plan. (Compl., p. 2.)

4. The Plan contains mandatory administrative remedies. Because this is an action for benefits allegedly due under an ERISA-governed plan, Plaintiff must exhaust these administrative remedies under the Plan before filing a complaint. Springer v. Wal-Mart Assocs' Group Health Plan, 908 F.2d 897, 899 (11th Cir. 1990) ("plaintiffs in ERISA cases must normally exhaust available administrative remedies under their ERISA-governed plans before they may bring suit in federal court. This requirement applies both to breach-of-contract actions . . . and to actions based on alleged statutory violations."). Plaintiff has not exhausted his administrative remedies.

5. The parties have agreed to stay this action pending Plaintiff's exhaustion of the Plan's administrative remedies. Accordingly, the parties agree that all proceedings by Plaintiff against Defendant in this lawsuit should be stayed pending the Plaintiff's exhaustion of the Plan's administrative remedies.

Respectfully submitted this 30th day of July, 2007.

        /s/ Constance S. Barker
        CONSTANCE S. BARKER (BAR099)
        Attorney for Defendant

Address of Counsel :

CAPELL HOWARD, PC
P. O. Box 2069
Montgomery, AL 36102-2069

LEGAL02/30460074v1

- 3 -

/s/ William R. King
WILLIAM R. KING (KIN021)
Attorney for Plaintiff

Address of Counsel :

586 E. Third Street
Luverne, AL  36049

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| G.L. McLEOD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv435-ID |
| | ) |
| GPC, Inc. a foreign corporation doing business in Alabama under the name of NAPA and GENUINE PARTS COMPANY, Inc., a foreign corporation doing business in Alabama under the name of NAPA, | ) ) ) ) ) ) ) |
| | ) |
|     Defendants. | ) |

**ORDER**

The above-styled case is presently before the Court on the Joint Motion to Stay. After careful consideration, the parties' Joint Motion is GRANTED. All proceedings in this matter are hereby STAYED until and through the time that Plaintiff has exhausted his administrative remedies under the applicable pension plan.

Dated: _____

                                                IRA DE MENT
                                                UNITED STATES DISTRICT JUDGE

LEGAL02/30460074v1